## Samuel H. Smith, Appellant, *v.* E. M. Cohn & Co.

*Contract—Delivery—Evidence—Nonsuit.*

Plaintiff sold defendants a lot of tobacco to be delivered in good mer-
chantable order.  Before it was delivered, a portion of it was damaged
by rain.  Defendants demanded that the damaged tobacco should be sep-
arated from the rest.  Plaintiff refused to agree to this.  Defendants then
declined to accept the tobacco, and said they would not take it, unless
plaintiff would sell it at one third off the price named in the contract, or
take it to the place of delivery and allow it to be sorted.  Plaintiff finally
accepted a check for two thirds of the contract price, and left the tobacco in
possession of defendants just as it was.  Subsequently plaintiff brought
an action on the original contract.  *Held*, that as he showed by his own
testimony he was not able to deliver the tobacco in the condition required
by the contract, he was not entitled to recover, and that a nonsuit was
properly entered.

An offer to prove by the plaintiff that he never took or accepted the
check in full of the tobacco, but only on account, was inadmissible.  Such
evidence was in effect an offer to lay before the jury the conclusions of
the witness from the facts which he had already stated.  What conclusions
should be drawn was a question for the jury if the facts were in dispute,
and for the court if they were not in dispute.

Argued May 23, 1895.  Appeal No. 464, Jan. T., 1895, by
plaintiff, from judgment of C. P. Lancaster Co., June T., 1892,

No. 46, entering nonsuit.   Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Assumpsit to recover the price of tobacco sold and delivered to defendants.   Before BRUBAKER, J.

The facts appear by the opinion of the Supreme Court.

At the trial, after all the facts of the transaction had been put in evidence, plaintiff offered to prove by his own testimony that he never took or accepted the check of $341.52 as payment in full of the Harris tobacco, but only took the same on account, and also that there was no change in the written contract or any other contract substituted for it.

Offer objected to by the defendants' counsel.   Objections sustained.   Bill sealed. [5]

Plaintiff's attorney offered to ask plaintiff if Cohn, defendant, said to him that the check was in full for any tobacco sold and delivered.

Offer objected to by defendants' counsel.   Objections sustained.   Bill sealed. [6]

Plaintiff offered to show by his own testimony that, before the making of said check of $341.52 or any check, there was no agreement with Cohn or any one to accept it or any amount as payment in full of claim, less than the full amount of claim.

Offer objected to by defendants' counsel.   Objections sustained.   Bill sealed. [7]

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* among others were, (2) refusal to strike off nonsuit; (5–7) rulings on evidence, quoting the bill of exceptions.

*B. F. Davis*, for appellant.—The title passed without delivery: Winslow, Lanier & Co. v. Leonard, 24 Pa. 14; Gonser v. Smith, 115 Pa. 452; White v. Welsh, 38 Pa. 396; Reitz's App., 64 Pa. 162; Shaw v. Levy, 17 S. & R. 98; Leonard v. Winslow, 2 Grant's Cases, 139; 3 Am. & Eng. Ency. of Law, 890.   The jury should have been allowed to interpret the language and conduct of the parties: McFarland v. Newman, 9 Watts, 55; Falsom v. Cooke & Co., 115 Pa. 539; Stokes v. Burrell, 3 Grant's

Cases, 241; Codding v. Wood, 112 Pa. 371; Taylor v. Preston, 79 Pa. 436; Hastings v. Eckley, 8 Pa. 194; Adams v. McKesson's Executrix, 53 Pa. 81.

*W. U. Hensel, J. Hay Brown* with him, for appellee, cited: Hare on Contracts, 282; Jones v. Mechanics' Bank, 29 Md. 287; 1 Benjamin on Sales, 145.

OPINION BY MR. JUSTICE WILLIAMS, July 18, 1895:

This appeal is from a judgment of compulsory nonsuit which the court below entered and subsequently declined to take off. The questions for consideration are first, was the case made out by the plaintiff sufficient to sustain a verdict in his favor? and, second, was any portion of the plaintiff's case excluded which should have been allowed to go to the jury?

The plaintiff was a tobacco grower. The defendants were buyers and manufacturers. On the 10th day of May, 1892, the plaintiff sold to the defendants a quantity of tobacco, by an agreement in writing, for eight cents per lb.; "the same to be assorted, free of frost, stem rot, pole sweat, hail cut, white vein, or any other damage, and to be delivered in good merchantable order into our warehouse corner of Duke and Chestnut streets, Lancaster, Pa." A few days later the tobacco was injured by a severe storm, and Smith then telegraphed Cohn & Co. as follows: "Tobacco damaged on butts by rain. We will not deliver till you see it. Answer immediately." Cohn replied telling the plaintiff to keep the damaged tobacco separate, and that he would come the next day to see it. On the next day Cohn went to the plaintiff's premises where his hands were at work baling the tobacco, and directed them to keep the damaged tobacco out. On the next day the tobacco was taken by the plaintiff to McCalls Ferry on wagons where it was to be transferred to the cars. The defendants were there to see it unloaded and complained that the damaged tobacco had not been separated in baling and said, "it must all be gone over." They proposed that the tobacco should go on to Lancaster, and be sorted, in order that the quantity that would correspond with the description in the written contract might be ascertained and paid for. The plaintiff refused to agree to this. The defendants then declined to accept the tobacco and said they would

not take it unless the plaintiff would sell it at one third off the price named in the contract, or take it to Lancaster and allow it to be assorted. The plaintiff declined to take it to Lancaster, and said he wanted it settled then and there. He finally told the defendants to make out a check for two thirds of the contract price, which they did, and which he took, and left the tobacco in the possession of the defendants just as it was.

This action was brought on the original contract which made it necessary for him to prove a delivery of the tobacco in the condition required by its terms. This he failed to do. His own testimony showed the injury done by the storm, the refusal of the defendants to receive the tobacco for that reason, and his acceptance of the defendants' offer to take it in the condition in which it then was at two thirds of the contract price. How it was possible to sustain a verdict resting on the written contract, upon this evidence, we are unable to see. The contract was not performed, and upon the plaintiff's own testimony he had no right of action under it. If the testimony had been conflicting it should have gone to the jury, but it was not. The question was whether upon the plaintiff's own version of the transaction there was anything for the jury, and we concur with the court below in thinking that there was not. But it is urged that the offers referred to in the 5th and 7th assignments of error should have been admitted, and that if admitted they would have raised a question for the jury. The first of these offers was to prove by the plaintiff " that he never took or accepted the check of $341.52 in full of the Haines tobacco, but only took the same on account, and also that there was no change in the written contract, or any other contract substituted for it."

As all that had been done or said upon this· subject by both the plaintiff and the defendants had been already put in evidence this was in effect an offer to lay the mental conclusions of the witness, from the facts he had already given, before the jury. The offer was properly refused. The other offer was open to the same objection. It was to show by the plaintiff that " there was no agreement with Cohn or any one to accept the check as payment in full." Whether there was such an agreement or not depended upon the meaning of what was said and done in connection with the drawing and delivery of the

check and the delivery of the tobacco. All this had been put in evidence. What remained was to determine its effect. That was not to be done upon the opinion of the witness, but by the jury if the facts were in dispute; in the absence of controversy or uncertainty as to the facts it was to be determined by the court.

The assignments of error are overruled and the judgment is affirmed.